UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 1 3 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

```
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                                    )
              v.                    )
                                    )Criminal No. 09-213 (EGS)
SHELBY LEWIS,                       )
                                    )
              Defendant.            )
                                    )
```

## ORDER

For the reasons stated in the accompanying Memorandum Opinion filed on this day, it is hereby

**ORDERED** that defendant Shelby Lewis shall pay restitution in the amounts of $1,215,000 to the victim S.H., $1,151,300 to the victim T.S., $845,165 to the victim M.S., and $680,590 to the victim A.L.; and it is

**FURTHER ORDERED** that defendant Shelby Lewis shall pay a money judgment in lieu of forfeiture in the amount of $937,310, and shall forfeit his remaining assets in partial satisfaction of this money judgment; and it is

**FURTHER ORDERED** that during the period of incarceration: (1) if defendant Shelby Lewis earns wages in a Federal Prison Industries (UNICOR) job, then defendant shall pay 50 percent (50%) of wages earned toward the financial obligations set forth in this Order; or (2) if defendant does not work in a UNICOR job, then defendant shall pay a minimum of $25 per quarter toward the

total financial obligations set forth in this Order, until such time as the Court may alter that schedule; and it is

**FURTHER ORDERED** that upon release from incarceration, defendant Shelby Lewis shall pay restitution at the rate of 10 percent (10%) of monthly gross earnings, until such time as the Court may alter that schedule; and it is

**FURTHER ORDERED** that each payee shall receive approximately equal payments until such time as the financial obligations set forth in this Order are satisfied.  Pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid; and it is

**FURTHER ORDERED** that the Judgment entered in this case on November 17, 2010 is hereby amended to reflect the restitution obligations set forth in this Order; and it is

**FURTHER ORDERED** that by no later than 30 days after the date of this Order, the parties shall file under seal with the Court a joint proposed redacted version of this Order and the accompanying Memorandum Opinion that are appropriate for public viewing.  By no later than 30 days after the date of this Order, the parties shall also file under seal with the Court joint proposed redacted versions of all sealed pleadings filed pursuant to this restitution proceeding.  In the event that the parties are unable to reach an agreement regarding the appropriate redactions, the parties shall jointly submit a sealed filing that

includes (1) one copy of each document reflecting all agreed-upon
redactions; and (2) two separate copies of each document
reflecting the additional redactions proposed by each side.  The
parties are cautioned, however, that given the strong presumption
in favor of public access to judicial records, *see, e.g.*, *Nixon
v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 ("It is clear that
the courts of this country recognize a general right to inspect
and copy public records and documents, including judicial records
and documents."), redactions shall be made solely to the extent
necessary to preserve the confidential nature of the relevant
information.  Any party that abuses the redaction process may be
sanctioned by the Court; and it is

FURTHER ORDERED that this Order and Judgment shall
constitute a **FINAL JUDGMENT** in this case.  This is a final and
appealable order.  *See* Fed. R. App. P. 4(a).

SO ORDERED.

Signed:   **Emmet G. Sullivan**
          **United States District Judge**
          **March 30, 2011**